CLYDE L. ENLOE, APPELLANT, *v.* WILLIAM BLAIN AND WANDA BLAIN, DBA W. E. BLAIN WELL DRILLING COMPANY, RESPONDENTS.

No. 8965

April 17, 1978                                           577 P.2d 60

[2]MR. JUSTICE MANOUKIAN voluntarily disqualified himself from participation in this matter. The Governor, pursuant to Nev. Const. art. 6, § 4, designated the Honorable Howard D. McKibben, Judge of the First Judicial District Court, to participate in the decision upon the record, briefs, and recording of oral argument herein.

*Eck & Harkins, Ltd.* and *Nicolaus R. Harkins,* Carson City, for Appellant.

*Legarza, Lee, Barengo & Doyle,* and *Keith L. Lee,* Reno, for Respondents.

## OPINION

*Per Curiam:*

Clyde L. Enloe appeals from a judgment denying his claim for monies due under a contract, contending respondents unjustifiably prevented completion of his work. We disagree.

Respondents employed appellant to drill wells. The district court found appellant assumed the responsibility to complete a

200

well before payment was due, but appellant contends he was excused from further performance because respondents prevented completion and thereby breached the contract. According to appellant, prevention occurred because respondents provided him with a defective welder, caused drilling to cease when a casing snapped, and failed to notify appellant when well drilling operations resumed.

In order for a party to prevent completion there must be "acts, conduct, or declarations of the party, evincing a clear intention to repudiate the contract, and to treat it as no longer binding, . . . " Claudianos v. Friedhoff, 69 Nev. 41, 46, 240 P.2d 208, 210 (1952). Here, testimony indicated appellant had the duty to discover and report defective machinery. The record is devoid of any evidence tending to show that respondents deliberately provided a defective welder, or that they were even aware of the defect until after the casing snapped. Under such circumstances, the district court was not required to infer that respondents had repudiated the contract.

Although an employer may have an affirmative duty to notify an employee when work is resumed on a project, and although failure to do so may constitute prevention, *cf. Claudianos,* cited above, there is evidence that appellant led respondents to believe he had another job in Oregon, and had quit the project. Thus, the court could find respondent's duty to notify appellant, once work resumed, was excused by appellant's own act of repudiation.

Affirmed.[1]

---

[1]The Governor designated the Honorable Paul Goldman, Judge of the Eighth Judicial District, to sit in place of The Honorable Gordon Thompson, Justice, who was disabled. Nev. Const. art. 6, §4.